## 10753

### HOLMAN v. FARRELL

#### (109 S. E. 886)

1. EVIDENCE—TESTIMONY BY WITNESS TO A STATEMENT BY DEFENDANT HELD COMPETENT AS AN ADMISSION, AND NOT A CONCLUSION.—In replevin by an administrator to recover a ring which defendant claimed as a gift from deceased, a statement in an affidavit as to testimony of an absent witness that in an investigation as to what property the deceased had left he interviewed defendant, and that "she had admitted that deceased had only loaned it to her to wear as a friend, that they were not engaged," was improperly excluded as a mere conclusion and not testimony.

2. CONTINUANCE—PARTY, BELIEVING THAT WITNESS WOULD ATTEND WITHOUT COMPULSION, NOT DILIGENT.—A plaintiff, who did not avail himself of means of compelling his witnesses to attend when he might have done so, was not diligent in the sense of being entitled to continuance on account of the absent witnesses, though honestly convinced that they would attend without compulsion.

3. EVIDENCE—DETAILS OF CONVERSATION OF WITNESS AND ANOTHER HELD INADMISSIBLE, THOUGH HE MIGHT TESTIFY HE HAD RECEIVED CERTAIN INFORMATION.—Where in replevin for a ring which plaintiff claimed decedent had loaned to defendant, and which defendant claimed as a gift, an affidavit of an absent witness recited that in investigating what property deceased had left a hotel keeper had informed him that witness did not have all the property, and informed him that there was other property leading to discovery as to the ring the conversation between the witness and the person giving the information was not competent, though the fact of receiving the information might be shown.

Before WHALEY, J., County Court, Richland County, January, 1921.   Reversed.

Action by W. F. Holman, as administrator of T. C. Holman, deceased, against M. Eileen Farrell.   Judgment for defendant and plaintiff appeals.

*Messrs. Holman & Holman,* for appellant, cite: *Admission against interest is admissible:* 104 S. C., 217; Jones Evid., 317, 368; 1 R. C. L. 488, Sec. 26. *Burden of proving gift is on donee:* 18 S. C. Eq., 310; 12 R. C. L. 971, Secs. 44, 45.

*Mr. D. W. Robinson,* for respondent, cites: *Continuance is in discretion of the Court*: 98 S. C., 143; 109 S. C., 261; 42 S. C., 209. *Conclusion of witness as to admissions is not admissible*: 1 R. C. L., Sec. 16, page 481; 13 L. R. A. (N. S.), 349; 1 Enc. Evid., 606; Jones Evid., Sec. 295; 109 S. C., 429; 110 S. C., 346; 104 S. C., 385. *Effect of possession of gift as evidence of title*: 2 Hill Ch., 601; 1 Rich. Eq., 310; 92 S. E., 746; 105 S. C., 459; 24 S. C., 281. *Statements made subsequent to delivery not permitted to impair the gift*: 1 Hill Ch., 13; 52 S. C., 381; 1 Strob. Eq., 197; 1 Bail., 115; 65 S. E., 885; 12 R. C. L., 971, Sec. 43; 28 S. C., 361. *Administrator cannot avoid gift as a fraud upon creditors*: 1 Bail., 532.

November 1, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action in claim and delivery for a diamond ring. The complaint alleges that prior to the death of Dr. T. C. Holman, plaintiff's intestate, the defendant borrowed from him a valuable diamond ring for the purpose of wearing the same and, upon demand, refuses to return it. The defendant denies that she borrowed the ring, but alleges that Dr. T. C. Holman gave it to her as an expression of the strong and cordial friendship that existed between them.

The following statements appear in the record: On the call of the case for trial the attorneys for the plaintiff requested the Court to continue the case upon the ground of the absence of a material witness, Miss Cecil True, and also the absence of the witness, G. B. Holman. The plaintiff's attorney submitted a statement that the witness, Miss True, would, if present, have testified:

"I was very well acquainted with Dr. T. C. Holman, deceased, and with the defendant, Miss Eileen Farrell.

We went together on many and numerous occasions. That we were all together at the Jefferson Hotel, in the City of Columbia, one evening, and Dr. Holman offered me his diamond ring to wear, which I refused, when the defendant, Miss Eileen Farrell, requested him to let her see the ring, which he handed to her, and she placed it on her finger and did not return it to him, nor did he give it to her for any other purpose than for her to look at it; that Miss Farrell's statement that Dr. Holman gave her the ring at her residence is untrue; that on several occasions after that time she was in the company of the defendant and Dr. Holman, and that she knows of her own knowledge that Dr. Holman tried to get the ring back from the defendant, and the defendant through some excuse managed to keep the ring until after the death of Dr. Holman."

Whereupon the following occurred:

"Mr. Robinson: Your Honor, as to the affidavit of one of these, Mr. G. B. Holman, they have a doctor's certificate that he is not able to be here. I am willing to admit that if he were here he would swear to that, but it is subject to the question of competency.

"As to the other, of some lady that lives here in town, there is no excuse for her, except that statement that he issued a subpoena for her and the sheriff cannot find her.

"Mr. Holman: Your Honor, this lady living right in town, and, I having talked with her last week, I presumed that she would be here. I turned over the subpoena to the Sheriff this morning.

"The Court: That is your risk. You are too late. If Mr. Robinson does not choose to admit it, that is your lookout.

"Mr. Robinson: I am not willing to admit it.

"The Court: Then we will have to go ahead.

"The affidavit of G. B. Holman was offered in lieu of his testimony, which affidavit is as follows: 'Personally appeared before me G. B. Holman, who, being duly sworn,

says that he is the father of Dr. Capers Holman, now deceased. That W. F. Holman, my son, administered upon the estate of Dr. Capers Holman, deceased, and in an effort to secure all of his property, I was at St. Joseph's Hotel, Orangeburg, S. C., some time after the death of my son, getting up what property he had there. *At that time I received information from the wife of the proprietor of that hotel that I did not have all the property of Dr. Holman, and upon investigation found that there was a diamond ring belonging to Dr. Holman that he had loaned to Miss Eileen Farrell, of Columbia, to wear; that the undersigned saw Miss Eileen Farrell, and she admitted that Capers (Dr. Capers Holman)' had only loaned it to her to wear as a friend;* that they were not engaged; that Miss Farrell showed me the ring upon her finger, but stated that she would not give it to me. The above statement is true of my own knowledge.' "

Upon objection made in due time the Court ruled that the portion of the affidavit in italics could not be received in evidence. Counsel for defendant agreed to admit the balance of the affidavit. And the following colloquy occurred in reference thereto:

"Mr. Holman: We offer this statement.

"Mr. Robinson: Has your Honor passed on it?

"The Court: No. Do you want to object to it now or wait until he comes to that?

"Mr. Robinson: I want to state my grounds and have it ruled out before it is read. It starts with what some proprietor of a hotel told him. And that further part down there where he says that the defendant admitted. Now, what she said he can testify to. Her admissions of conclusions is not testimony."

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed.

The first question for consideration is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion for a continuance.

The defendant's attorney interposed no objections whatever to the statement, as shown by the physician's certificate, that the witness, G. B. Holman, was not able to attend the trial, and stated that he was willing to admit that, if the witness was present, he would testify in accordance with his affidavit, but reserved the right to object to the competency of the testimony, on the ground that the admission alleged to have been made by the defendant was a mere conclusion and not testimony.

The affidavit of G. B. Holman shows that upon receiving information that he did not have all the property belonging to Dr. Holman's estate he made an investigation, and found that there was a diamond ring, which he had loaned to the defendant. The words, "she admitted that Capers (Dr. Capers Holman) had only loaned it to her to wear as a friend," when considered in connection with the other parts of the affidavit, are not only an admission as to the correctness of the information revealed by the investigation, but likewise specify what that information was. His Honor, the presiding Judge, erred, therefore, in ruling that they constituted a mere conclusion.

Furthermore, the presiding Judge erroneously exercised his discretion when he did not grant the continuance on account of the absence of Miss Cecil True. She lived in Columbia, and when she left the State failed to notify the plaintiff's attorney that she would not be present at the trial. There was no doubt that her testimony was very material, and could not be supplied by other witnesses. Under the rulings of the presiding Judge it was impossible for the plaintiff to win the case.

As the plaintiff's attorney was not guilty of any negligence whatever, justice required a postponement of the trial.

The opinion of Mr. Justice Purdy changes in part the result herein announced. The exceptions assigning error in the ruling as to continuance are overruled, and those in

regard to the admissibility of certain testimony are sustained.

New trial.

MR. JUSTICE COTHRAN concurs.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY, concurring:

The plaintiff could have availed himself of the means provided for compelling the attendance of the witness, but failed to do so, and no matter how honestly he was convinced that the witness would attend without availing himself of such means, he took the risk of such non-attendance, and the interests of the public are superior to the private inconvenience growing out of it. The action of the trial Judge in this respect should not be disturbed, unless there appears to be a clear abuse of discretion. His sole interest is to promote the public welfare and administer justice impartially. I do not think that there has been an abuse of his discretion in this case, and this exception should not be sustained.

In reference to the affidavit of G. B. Holman a part of it is clearly incompetent. Had he been present he would not have been allowed to have given the conversation between himself and the person who gave him the information, but could only state that he had received information from the wife of the proprietor of the hotel, and so much of that part of the affidavit would have been competent.

As to so much of the affidavit to which objection was made because it was a conclusion, I think that it is more than a conclusion, and is in the nature of a statement, and should have been admitted, and that his Honor, the trial Judge, erred in not admitting it, and that his judgment on this exception should be reversed.

Reversed.

MR. JUSTICE FRASER: I dissent. This is an action in claim and delivery to recover a diamond ring. Dr. T. C.

Holman was the owner of a diamond ring. Dr. Holman died and after his death the ring was found by the plaintiff, the administrator of his estate, in the possession of Miss M. Eileen Farrell. Miss Farrell claims to be the owner of the ring, as a gift from Dr. Holman, and refused to deliver the possession. When the case was called for trial the plaintiff moved for a continuance on the ground of the absence of a material witness. The motion was refused, and this refusal of a continuance forms the basis of the first exception.

1. The motion was in the discretion of the trial Judge, and we do not see that he abused his discretion. There was no attempt to subpoena the witness until the day of the trial. The plaintiff claims that he did not know that the witness was going away. It was his duty to know that the witness was not going away, or to take no chances by issuing a timely subpoena. This exception should be overruled.

2. The plaintiff attempted to introduce a statement of an absent witness in which the witness stated that Miss Farrell had admitted that Dr. Holman had only lent the ring to her. This part of the statement was stricken out, because it was a conclusion and not statement of fact. His Honor was right. One man might consider a statement an admission and another might not. There was no attempt to show the words used, and this exception should be overruled.

3. The third and last exception contains about two pages of Judge Whaley's charge and assigns two errors:

(a) "That said charge was prejudicial to the plaintiff, in that it conveyed to the jury the impression that the mere passing by manual delivery of personal property from one person to another would, in law, constitute a gift without other facts to establish the same." His Honor charged:

"What were the circumstances surrounding it? If it was such that it was a gift, why, that gift cannot be rescinded. But if those circumstances were reasonably sure that there was a stipulation between the parties that it was to be a loan, then it would be a loan and it would take something thereafter to turn it into a gift."

This assignment of error should not be sustained.

(b) The second assignment of error is that his Honor charged the jury that the nature of Miss Farrell's possession was fixed at the time of delivery. This was more favorable to the plaintiff than he was entitled to. If Dr. Holman intended to give the ring to Miss Farrell at the time of the delivery, then nothing that he could do subsequently could convert it into a loan. If he intended at the time of the delivery to make a loan and retained the title in himself, he could subsequently release his title and convert the loan into a gift. This assignment of error should not be sustained.

I think the judgment appealed from should be affirmed.

MR. JUSTICE WATTS concurs.